### ROBERT T. CARLISLE *versus* JAMES McNAMARA.

The allegations, in the plaintiff's writ, that the defendant falsely and fraudulently affirmed, that one A, whose note he held, was then in good credit and business at B, and was responsible; that plaintiff was, thereby, induced to take the note for his wagon, whereas the defendant knew that A had failed and absconded and was irresponsible, discloses a case of cheating by false pretences for which the defendant, on proof, is liable to indictment.

The plaintiff is, therefore, an incompetent witness in his own case, "unless the defendant offers himself as a witness." R. S., c. 82, § 79.

Whether "the cause of action implies an offence against the criminal law," so that the plaintiff is to be excluded as a witness, is to be determined by the allegations in the writ.

EXCEPTIONS from the rulings of KENT, J.

THIS was an action on the case for deceit. The substantive allegations in the plaintiff's writ are that, the defendant being possessed of a certain wagon, and the plaintiff of another wagon of the value of seventy dollars, the defendant, to induce the plaintiff to exchange wagons, offered the plaintiff a promissory note he held against one Atwood for forty-five dollars, and then and there, falsely and fraudulently, affirmed to the plaintiff, that said Atwood was at that time engaged in business in Bucksport, was responsible and in good credit; that the plaintiff crediting the defendant's affirmations, received the said note in exchange for the plaintiff's wagon; that said Atwood was then without property or credit, had failed in business and absconded, &c.

The defendant excepted to the ruling of the Court, admitting the plaintiff to testify in his own behalf, his counsel having seasonably objected to the plaintiff as incompetent to testify, the defendant not having offered himself as a witness.

*J. A. Peters & Hinckley,* in support of the exceptions.

*Wiswell, contra.*

The opinion of the Court was drawn up by

APPLETON, J.—The allegations in the plaintiff's writ disclose a case of cheating by false pretences, for which, on proof, the defendant would be liable to indictment. *State* v. *Mills,* 17 Maine, 211; *State* v. *Philbrick,* 31 Maine, 401; *State* v. *Dorr,* 33 Maine, 498.

By R. S., 1857, c. 82, § 79, a limitation is imposed in the general admission of parties as witnesses.—"Parties are not to be witnesses in suits when the cause of action implies an offence against the criminal law on the part of the defendant, unless the defendant offers himself as a witness, and, in that case, the plaintiff may be a witness, and such defendant shall be held to waive his privilege of not testifying when his testimony might criminate himself." Whether "the cause of action implies an offence against the criminal law," is to be determined by the allegations in the writ. As they set forth an offence against the criminal law, the plaintiff was improperly allowed to testify.

*Exceptions sustained and new trial granted.*

TENNEY, C. J., RICE, CUTTING, MAY, and KENT, JJ., concurred.